IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | Criminal No: **06 - 075** |
| | * | |
| v. | * | Filed: |
| | * | |
| CMET, INC. | * | |
| | * | Violation: 18 U.S.C. § 371 |
| | * | |
| | * | |
| | ******* | |

## INFORMATION

The United States of America, acting through its attorneys, charges:

### I.

### DEFENDANTS AND CO-CONSPIRATORS

1. CMET, Inc. ("Defendant") is a professional corporation organized and existing under the laws of Japan. CMET is a subsidiary of a Japanese company formerly known as Teijin Seiki, Co., Ltd. ("TS"). TS was acquired by a Japanese holding company, Nabtesco Corporation, in 2003 and CMET is currently a business unit of Nabtesco.

2. A company and certain of its employees, not made defendants in this Information, participated as co-conspirators in the offense charged in this Information and performed acts and made statements in furtherance of it.

3. Whenever in this Information reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents or other representatives while they were actively engaged in the management, direction, control, or transaction of business or affairs.

## II.

## BACKGROUND OF THE OFFENSE

4.  Rapid prototyping (also known as solid imaging) is a field embodying the use of computers and computer automated equipment to rapidly produce three-dimensional prototypes, models, and even low-volume production quantities of physical objects that traditionally have been produced by machining and other methods. Rapid prototyping is a process by which a machine transforms a computer design for a mechanical or other part into a three-dimensional prototype or model. Rapid prototyping is significantly faster and less expensive than traditional methods of creating a prototype, such as machining, milling or grinding.

5.  During the period covered by this Information, the Defendant and its co-conspirators were manufacturers of Industrial Rapid Prototyping ("IRP") systems and related materials used in IRP systems. The Defendant was engaged in the sale of IRP systems in Asia and its co-conspirators were engaged in the sale of IRP systems in the United States and elsewhere.

6.  On or about June 6, 2001 the United States filed a complaint, pursuant to Section 15 of the Clayton Act, as amended, 15 U.S.C. § 25, in the United States District Court for the District of Columbia to enjoin an acquisition, because the acquisition would reduce the number of competitors in the United States IRP market from three to two. After the suit was filed the United States and the civil defendants reached an agreement to settle the case which provided that they would license their IRP technology to a foreign competitor, who would enter the United States IRP market to preserve competition.

7.  On or about August 16, 2001, the United States filed a proposed Final Judgment with the Court, pursuant to 15 U.S.C. § 16, the Antitrust Procedures and Penalties Act ("APPA") outlining the terms of the settlement with the civil defendants. On or about the same date the Court entered a stipulated order in which the civil defendants agreed to be bound by the terms of the proposed Final Judgment. The defendant received a copy of the proposed Final Judgment and had actual notice of its terms and conditions. After the requirements of the APPA were met the Court entered the Final Judgment on April 17, 2002.

## III.

## DESCRIPTION OF THE OFFENSE

8.  From at least as early as June 2001 and continuing through at least May 2002, the exact dates being unknown to the United States, the Defendant and co-conspirators entered into and engaged in a conspiracy to commit an offense against the United States, in violation of Title 18 United States Code, Section 371, by endeavoring to corruptly influence, obstruct, or impede the due administration of justice, a violation of Title 18, United States Code, Section 1503.

2

9. During the relevant period, for purposes of forming and carrying out the charged conspiracy, the Defendant and co-conspirators did the following things, among others:

(a) sought to conceal from the United States Department of Justice ("DOJ") the full extent and nature of the contemplated business relationship between the Defendant and co-conspirators and the Defendant's principal motivation for bidding on the technology license ("TLA") being offered under the terms of the proposed Final Judgment filed in the United States District Court for the District of Columbia;

(b) procured the Defendant's submission of a bid for the TLA based on covert understandings between the Defendant and co-conspirators concerning future business dealings and the settlement of a patent dispute which, if known to the DOJ, could have disqualified Defendant's TLA bid;

(c) altered the translations of documents which the Defendant submitted to DOJ in connection with its application to acquire the TLA; and

(d) made misrepresentations, in writing and orally in meetings with representatives of the DOJ, concerning the Defendant's intent to vigorously compete in the United States if granted the TLA.

## IV.

## TRADE AND COMMERCE

10. The business activities of the Defendant and its co-conspirators that are the subject of this Information were within the flow of, and substantially affected interstate and foreign commerce.

## V.

## JURISDICTION AND VENUE

11. The offense charged in this Information was carried out in the District of Columbia within five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 18 UNITED STATES CODE, SECTION 371.

DATED: _____

_____
THOMAS O. BARNETT
Assistant Attorney General


_____
SCOTT D. HAMMOND
Deputy Assistant Attorney General


_____
MARC SIEGEL
Director of Criminal Enforcement


_____
LISA M. PHELAN
Chief, National Criminal Enforcement Section

ANTITRUST DIVISION
United States Department of Justice

_____
JOHN SCHMOLL
KENNETH GAUL
CHINITA SINKLER
Attorneys
U.S. Department of Justice
Antitrust Division
1401 H STREET, NW, SUITE 3700
Washington, D.C. 20530
(202) 307-5780

4