IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

MAR 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | Criminal No: |
| | * | |
| v. | * | Filed: |
| | * | |
| CMET, INC. | * | |
| | * | Violation: 18 U.S.C. § 371 |
| | * | |
| | * | |

*******

## PLEA AGREEMENT

The United States of America and CMET, Inc. ("defendant"), a corporation organized and existing under the laws of Japan, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

### RIGHTS OF DEFENDANT

1.    The defendant understands its rights:

(a)    to be represented by an attorney;

(b)    to be charged by Indictment;

(c)    as a corporation organized and existing under the laws of Japan, to decline to accept service of the Summons in this case, and to contest the jurisdiction of the United States to prosecute this case against it in the United States District Court for the District of Columbia;

(d)    to plead not guilty to any criminal charge brought against it;

(e)    to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

(f)    to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

    (g)      to appeal its conviction if it is found guilty; and

    (h)      to appeal the imposition of sentence against it.

### AGREEMENT TO PLEAD GUILTY
### AND WAIVE CERTAIN RIGHTS

2.      The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above, including all jurisdictional defenses to the prosecution of this case, and agrees voluntarily to consent to the jurisdiction of the United States to prosecute this case against it in the United States District Court for the District of Columbia. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 8 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b) and (c). Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the District of Columbia. The Information will charge the defendant with participating in a conspiracy to commit an offense against the United States in violation of Title 18 United States Code, Section 371 by endeavoring to corruptly influence, obstruct, or impede the due administration of justice, a violation of Title 18, United States Code, Section 1503. The Information will charge that the conspiracy began at least as early as June 2001 and continued through at least May 2002.

3.      The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

## FACTUAL BASIS FOR OFFENSE CHARGED

4.    Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)    For purposes of this Plea Agreement, the "relevant period" is that period beginning at least as early as June 2001 and continuing through at least May 2002. During the relevant period, the defendant was a corporation organized and existing under the laws of Japan. The defendant had its principal place of business in Kanagawa Prefecture, Japan. During the relevant period, the defendant was a manufacturer of Industrial Rapid Prototyping ("IRP") systems and related materials used in IRP systems. The defendant was engaged in the sale of IRP systems in Asia, and employed 30 or more individuals. Rapid prototyping (also known as solid imaging) is a relatively new field embodying the use of computers and computer automated equipment to rapidly produce three-dimensional prototypes, models, and even low-volume production quantities of physical objects that traditionally have been produced by machining and other methods.

(b)    On or about June 6, 2001 the United States filed a complaint, pursuant to Section 15 of the Clayton Act, as amended, 15 U.S.C. § 25, in the United States District Court for the District of Columbia to enjoin an acquisition, because the acquisition would reduce the number of competitors in the United States IRP market from three to two. After the suit was filed the United States and the civil defendants reached an agreement that their IRP technology would be licensed to a foreign competitor, who would enter the United States IRP market. The purpose of granting the proposed license was to replace the competition lost through the challenged acquisition by introducing a new, effective competitor to the United States IRP market.

(c)    On or about August 16, 2001, the United States filed a proposed Final Judgment with the Court, pursuant to 15 U.S.C. § 16, the Antitrust Procedures and Penalties Act ("APPA") outlining the terms of the settlement with the civil defendants. On or about the same date the Court entered a stipulated order in which the civil defendants agreed to be bound by the terms of

3

the proposed Final Judgment. Pursuant to the proposed Final Judgment the divestiture of the technology license ("TLA") was to be accomplished in such a way as to satisfy the United States, in its sole discretion, that the TLA be used by the acquiring party as part of a viable, ongoing commercial enterprise engaged in the sale of IRP systems in North America, including the United States, and that the divestiture would remedy the competitive harm alleged in the complaint. The defendant was actively solicited to acquire the TLA. It also received a copy of the proposed Final Judgment and had actual notice of its terms and conditions. After the requirements of the APPA were met the Court entered the Final Judgment on April 17, 2002.

(d)     It was the object of the conspiracy charged in the Information that the defendant and its co-conspirators endeavored to corruptly influence, obstruct, or impede the due administration of justice by reducing and thwarting the effectiveness of the relief called for under the Final Judgment. The conspirators made statements, withheld information, and submitted documents to the United States Department of Justice ("DOJ") in the District of Columbia in furtherance of the conspiracy.

(e)     During the relevant period, pursuant to the conspiracy, the defendant through one or more of its employees, including high-level personnel, sought to conceal from the DOJ the full extent and nature of the contemplated business relationship with its co-conspirators and the principal motivation for bidding for the TLA; developed a bid for the TLA based on discussions and understandings with its co-conspirators concerning anticipated future business dealings that were never fully disclosed to the DOJ; and altered the translations of documents that were submitted to the DOJ in connection with the application to acquire the TLA. In addition, based on consultation with co-conspirators, the defendant, through one or more of its employees, including high-level executives, made misrepresentations, in writing and orally in meetings with representatives of the DOJ, concerning the intent to vigorously compete in the United States if granted the TLA.

4

## POSSIBLE MAXIMUM SENTENCE

5.      The defendant understands that the maximum penalty which may be imposed against it upon conviction for a violation of Title 18 United States Code, Section 371 is a fine in an amount equal to the greatest of:

        (a)      $500,000 (18 U.S.C. § 3571(c)(3));

        (b)      twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

        (c)      twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

6.      In addition, the defendant understands that:

        (a)      pursuant to § 8B1.1 of the United States Sentencing Guidelines ("U.S.S.G. "Sentencing Guidelines," or "Guidelines"), or 18 U.S.C. § 3663(a), the Court may order it to pay restitution to the victims of the offense;

        (b)      pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime; and

        (c)      pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years.

## SENTENCING GUIDELINES

7.      The defendant understands that sentencing for the offense to be charged will be imposed pursuant to 18 U.S.C. §§ 3553 and 3572, and that U.S.S.G. § 8C2.1, which applies to corporations, does not include 18 U.S.C. § 1503 as an offense to which it applies. To the extent the U.S.S.G provides relevant guidance by analogy or otherwise, the defendant understands that the U.S.S.G. Manual in effect on the date the charged violation occurred will apply. The defendant further understands that the recommended sentence will be determined by the Court by a preponderance of the evidence standard and that the Court's sentence must be reasonable

based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. §§ 3553 and 3572.

## SENTENCING AGREEMENT

8.     Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of $100,000 ("the recommended sentence"), payable in full before the fifteenth (15th) day after the date of judgment. The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek or support any sentence outside of the recommended sentence for any reason that is not set forth in this Plea Agreement. The parties further agree that the recommended sentence set forth in the Plea Agreement is reasonable.

The United States and the Defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the Defendant at the plea and sentencing hearing, will provide sufficient information concerning the Defendant, the crime charged in this case, and the Defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and the Defendant agree to request jointly that the Court accept the Defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the Defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. § 6A1.1. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

9.     In the circumstances of this case, the United States agrees that it will not seek a restitution order for the offense charged in the Information.

10.    Subject to the ongoing, full, and truthful cooperation of the defendant described in Paragraph 12 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation and its commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct.

11.    The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea Agreement.

(a)    If the Court does not accept the recommended sentence, the United States and the defendant agree that this Plea Agreement, except for Paragraph 11(b) below, shall be rendered void.

(b)    If the Court does not accept the recommended sentence, the defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the government shall not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 14 of this Plea Agreement will be tolled for the period between the date of the signing of the Plea Agreement and the date the defendant withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

7

## DEFENDANT'S COOPERATION

12.     The defendant and its parent, and its related entity, Teijin Seiki Co., Ltd. (collectively, "related entities"), will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal criminal laws involving the conspiracy to corruptly influence, obstruct or impede the IRP merger consent decree process, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceeding"). The ongoing, full, and truthful cooperation of the defendant shall include, but not be limited to:

        (a)     producing to the United States all non-privileged documents, information, and other materials, wherever located, in the possession, custody, or control of the defendant or any of its related entities, requested by the United States in connection with any Federal Proceeding;

        (b)     using its best efforts to secure the ongoing, full, and truthful cooperation, as defined in Paragraph 12 of this Plea Agreement, of the current and former directors, officers, and employees of the defendant or any of its related entities, as may be requested by the United States, including making these persons available upon reasonable advance notice in the United States and at other mutually agreed-upon locations, at the defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.

13.     The ongoing, full, and truthful cooperation of each person described in Paragraph 12(b) above will be subject to the procedures and protections of this paragraph, and shall include, but not be limited to:

        (a)     producing in the United States and at other mutually agreed-upon locations all non-privileged documents, including claimed personal documents, and other materials, wherever located, requested by attorneys and agents of the United States in connection

8

with any Federal proceeding;

(b)    making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States;

(c)    responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503);

(d)    otherwise voluntarily providing the United States with any non-privileged material or information not requested in (a) - (c) of this paragraph that he or she may have that is related to any Federal Proceeding;

(e)    when called upon to do so by the United States in connection with any Federal Proceeding, upon reasonable advance notice, testifying in grand jury, trial, and other judicial proceedings in the United States, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503); and

(f)    agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 15(c), the statute of limitations period for any Relevant Offense as defined in Paragraph 15(a) will be tolled as to him or her for the period between the date of the signing of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under the Plea Agreement.

## GOVERNMENT'S AGREEMENT

14.    Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, and subject to the cooperation requirements of

Paragraph 12 of this Plea Agreement, the United States agrees that it will not bring further criminal charges against the defendant or any of its related entities for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of a conspiracy to corruptly influence, obstruct, or impede the IRP merger consent decree process, or any Sherman Act (15 U.S.C. §1, et seq.) conspiracy related to the IRP merger consent decree process, or any act or offense undertaken in connection with any investigation of such conspiracies. The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

15.    The United States agrees to the following:

(a)    Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in Paragraph 15(c), the United States will not bring criminal charges against any current or former director, officer, or employee of the defendant or its related entities for any act or offense committed before the date of this Plea Agreement and while that person was acting as a director, officer, or employee of the defendant or its related entities that was undertaken in furtherance of a conspiracy to corruptly influence, obstruct, or impede the IRP merger consent decree process, or any Sherman Act (15 U.S.C. §1, et seq.) conspiracy related to the IRP merger consent decree process, or any act or offense undertaken in connection with any investigation of such conspiracies ("Relevant Offense");

(b)    Should the United States determine that any current or former director, officer, or employee of the defendant or its related entities may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the

10

defendant;

(c)     If any person requested to provide cooperation under Paragraph 15(b) fails to comply with his or her obligations under Paragraph 13, then the terms of this Plea Agreement as they pertain to that person, and the agreement not to prosecute that person granted in this Plea Agreement, shall be rendered void;

(d)     Except as provided in Paragraph 15(e), information provided by a person described in Paragraph 15(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury (18 U.S.C. § 1621), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18 U.S.C. § 1503);

(e)     If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 13 of this Plea Agreement, the agreement in Paragraph 15(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case shall be rendered void;

(f)     The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence; and

(g)     Documents provided under Paragraphs 12(a) and 13(a) shall be deemed responsive to outstanding grand jury subpoenas issued to the defendant or any of its related entities.

16.     The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention, or service of process, or to

11

prevent such person from entering or departing the United States. This paragraph does not apply to an individual's commission of perjury (18 U.S.C. § 1621), making false statements (18 U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503), or contempt (18 U.S.C. §§ 401-402) in connection with any testimony or information provided or requested in any Federal Proceeding.

17.     The defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of the defendant and its related entities as a matter for that agency to consider before determining what administrative action, if any, to take.

### REPRESENTATION BY COUNSEL

18.     The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

### VOLUNTARY PLEA

19.     The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

### VIOLATION OF PLEA AGREEMENT

20.     The defendant agrees that, should the United States determine in good faith,

during the period that any Federal Proceeding is pending, that the defendant or any of its related entities have failed to provide full and truthful cooperation, as described in Paragraph 12 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant and its related entities shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant and its related entities agree that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant or its related entities for any offense referred to in Paragraph 14 of this Plea Agreement, the statute of limitations period for such offense will be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

21.     The defendant understands and agrees that in any further prosecution of it or its related entities resulting from the release of the United States from its obligations under this Plea Agreement, because of the defendant's or its related entities' violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by it, its related entities, or current or former directors, officers, or employees of it or its related entities to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it or its related entities in any such further prosecution. In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

13

## ENTIRETY OF AGREEMENT

22.    This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

23.    The undersigned is authorized to enter this Plea Agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors or Committee authorized by the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

24.    The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

25.    A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.


DATED: _March 3, 2006_

Respectfully submitted,

BY: _____
CMET, Inc.
Sumitomo Fudosan Shinyokohama
Bldg. 2-5-5
Shin-Yokohama
Kohoku-Ku Yokohama
Kanagawa Prefecture, Japan

BY: _____
John Schmoll
Kenneth W. Gaul
Chinita M. Sinkler
Trial Attorneys
U.S. Department of Justice
Antitrust Division
1401 H. Street, NW
Suite 3700
Washington, D.C. 20530
Tel.: (202) 307-5780
Fax: (202) 514-6525

14

BY: _____

Robert P. Taylor, Esq.
Howrey LLP
301 Ravenswood Ave.
Menlo Park, CA 94025
Tel:  (650) 463-8111
Fax: (650) 463-8400

BY: _____

Mark C. Schechter, Esq.
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Tel:  (202) 383-6890
Fax: (202) 383-6610